## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES INTERNATIONAL )
UNION NATIONAL INDUSTRY )
PENSION FUND, )
1800 Massachusetts Ave, Suite 301 )    Case No.: 1:20-cv-405
Washington, D.C. 20036, )
)
and )
)
BOARD OF TRUSTEES OF THE )
SERVICE EMPLOYEES )
INTERNATIONAL UNION NATIONAL )
INDUSTRY PENSION FUND, )
1800 Massachusetts Ave, Suite 301 )
Washington, D.C. 20036, )
                              Plaintiffs, )
v. )
)
PRUDENTIAL SECURITY, INC. a/k/a )
PRUDENTIAL PROTECTIVE SERVICES, LLC )
20600 Eureka Road, Suite 900 )
Taylor, MI 48180 )
)
Agent for Service: )
Dominic Hamden )
18 W. Main Street )
Milan, MI 48160 )
                              Defendant. )

> **Additional Required Service under 29 U.S.C. § 1132(h) to:**
>
> **U.S. Department of Labor**
> **Attn: Assistant Solicitor**
> **  for Plan Benefits Security**
> **200 Constitution Ave., N.W.**
> **Washington, DC 20210**
>
> **U.S. Department of Treasury**
> **Attn: Secretary of the Treasury**
> **1500 Pennsylvania Avenue, NW**
> **Washington, D.C. 20220**

## COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, REMITTANCE REPORTS, ATTORNEY'S FEES AND COSTS

### Introduction, Jurisdiction and Venue

1.      This is a civil action brought by an employee benefit plan, and by the Trustees of

an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1),

(g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended

("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and Pension Protection Act supplemental contributions owed by the Defendant.

2.      Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

5.      Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6.      Plaintiff Trustees of the SEIU Pension Fund, Arun Ivatury, Roderick S. Bashir, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson,

Laphonza Butler, David Huerta, and Emanuel Pastreich are the duly authorized Trustees of the

SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the

participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within

the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and

empowered to maintain this action.

7.      Defendant Prudential Security, Inc., also known as Prudential Protective Services,

LLC ("Prudential"), is an "employer in an industry affecting commerce" as defined in Sections

3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2),

(6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8.      Upon information and belief, Defendant Prudential is a corporation incorporated in

the state of Michigan, with a mailing address of 20600 Eureka Road, Suite 900, Taylor, MI 48180.

## **Factual Background**

9.      At all relevant times, Service Employees International Union Local 1 ("the Union")

has been the exclusive bargaining representative for all bargaining unit employees employed by

Defendant.

10.     Defendant entered into a collective-bargaining agreement ("2014 CBA") with the

Union for its employees effective for the period of January 1, 2014 through December 1, 2014. A

true, correct and complete copy of the 2014 CBA is attached as Plaintiffs' Exhibit 1. On April 1,

2015, Prudential and the Union entered into a successor agreement ("2015-2016 CBA") effective

for the period of December 2, 2014 through December 1, 2016. A true, correct and complete copy

of the 2015-2016 CBA is attached as Plaintiffs' Exhibit 2. On March 27, 2017, Prudential and the

Union entered into another successor agreement ("2017-2019 CBA", and collectively with the

2014 CBA and 2015-2016 CBA, "Agreements") effective for the period of December 1, 2016

through September 1, 2019. A true, correct and complete copy of the 2017-2019 CBA is attached as Plaintiffs' Exhibit 3.

11.     Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreements. The CBAs state that the Defendant is obligated to remit contributions to the SEIU Pension Fund at a rate of $0.15 per hour worked or paid for its covered employees who have been employed for at least 90 days at a site covered by the Agreements. Exs. 1, 2, & 3, Art. X.

12.     Pursuant to Article X, Section 4 of the Agreements, Defendant agreed "to be bound by provisions of the Agreement and Declaration of Trust establishing the Fund, as it may from time to time be amended, and by all resolutions and rules adopted by the Trustees pursuant to the powers delegated to them by that agreement and which are consistent with this Agreement, including collection policies, receipt of which is hereby acknowledged." Exs. 1, 2, & 3, Art. X. Sec. 4.  A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 4. Pursuant to Section 5.1(22) of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 4 at Section 5.1(22). The CBAs also states that "the Employer hereby consents to and agrees to be bound by the provisions of such collection policy, as amended, as though fully set forth in this Agreement." Exs. 1, 2, & 3, Art. XI, Sec. 2. Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies and procedures adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 5.

13.     At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement

provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions by the 15th of the month following the month for which contributions are due. Ex. 4, Sec. 3.1; *see also* Exs. 1, 2, &3, Art. X, Sec. 5. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 4, Sec. 3.1.

14.     Section 2 of the Collection Policy states that "[i]f the Fund Office has not received complete and correct remittance report(s) necessary to determine the amounts owed by the Employer, the Fund Office shall estimate the contributions due based on the most recent remittance report submitted to the Fund, payroll information, or other basis as reasonably determined by the Fund, and the Employer shall be deemed delinquent in its contributions in that amount on a monthly basis, as a minimum, in any subsequent legal action." Ex. 5, Sec. 2.

15.     Section 3.2 of the Trust Agreement and Section 2 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 4, Sec. 3.2; Ex. 5, Sec. 2.

16.     Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 et seq. ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, and January 1, 2017. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016, April 28, 2017, April 28,

2018, and April 29, 2019. Copies of these letters are attached as Plaintiffs' Exhibit 6.

17.      For plans in critical status, the PPA requires that all contributing employers pay a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 7. On or before January 1, 2014, Prudential adopted the Preferred Schedule which meant that Prudential was obligated to pay 48.3% in supplemental contributions in 2014.

18.      Defendant is obligated to remit surcharges and supplemental contributions pursuant to the Fund's Rehabilitation Act.

19.      During the period of January 2014 through August 2019, Defendant has failed to remit certain contractually required reports and contributions and has failed to pay certain interest charges, liquidated damages, and supplemental contributions due under the PPA to the SEIU Pension Fund.

**<u>Count I – Reports Owed</u>**

20.      Plaintiffs reallege and incorporate Paragraphs 1 thorough 19.

21.      This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

22.     Defendant is obligated, under the terms of the Agreements, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees.

23.     Defendant has failed to submit remittance reports and contributions for the months of January 2014 through August 2014.

24.     The Fund has estimated amounts due for these months based on hours reported for September 2014 pursuant to the Fund's Trust Agreement and Collection Policy.

25.     Prudential owes an estimated $319.44 in contributions, $182.57 in interest (calculated through February 15, 2020), and $400.00 in liquidated damages for the period of January 2014 through August 2014. Prudential owes an estimated total of $902.01 for this period.

26.     If the reports Prudential submits show additional reported hours from those estimated, Prudential will also owe those additional contributions and interest and liquidated damages will be assessed on the delinquent contributions due.

27.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

28.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding remittance reports and contributions from the Defendant for these months. Defendant continues to refuse to provide the missing reports or make payments on the resulting amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

29.     Defendant's continued failure to pay the amounts due have caused irreparable harm

to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

## Count II – Delinquencies

30.     Plaintiff's reallege and incorporate paragraphs 1 through 29.

31.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

32.     Defendant is obligated, under the terms of the Agreements, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees and interest and liquidated damages are charged upon unpaid or late paid contributions. The Defendant has failed to remit certain contributions and resulting interest and liquidated damages for its sites for various months during the period of September 2014 through August 2019.

33.     For the period of September 2014 through September 2019, Defendant owes the SEIU Pension Fund $4,889.42 in unpaid contributions, $1,198.19 in interest (calculated through February 15, 2020), and $2,940.71 in liquidated damages.

34.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

35.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the amounts owed from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and

pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

36.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.      Declare that Defendant is delinquent in remitting owed contributions, interest, and liquidated damages to the SEIU Pension Fund pursuant to the Agreements;

2.      Declare that Defendant is delinquent in submitting remittance reports for the periods described herein and Order Defendant to pay the corresponding outstanding contributions, interest, liquidated damages, and PPA supplemental contributions for these delinquent months;

3.      Enter judgment in the amount $9,930.33 for unpaid contributions, interest, liquidated damages, and PPA supplemental contributions for the period of January 2014 through August 2019;

4.      Order Defendant to submit remittance reports and corresponding amounts due for the months of January 2014 through August 2014;

5.      Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Agreements, the Trust Agreement and Section 502(g) of ERISA;

6.      Retain jurisdiction of this case pending compliance with its Orders; and,

7.      Grant such relief as the Court may deem appropriate.

Respectfully submitted,


_____/s/ Aaron S. Edelman_____
Aaron S. Edelman, D.C. Bar No. 1048499
Olga M. Thall, D.C. Bar No. 1016248
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
aedelman@mooneygreen.com
Counsel for the Plaintiffs

Dated: February 12, 2020

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 12th day of February, 2020, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

                    /s/ Aaron S. Edelman
                    Aaron S. Edelman